UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. 15-cv-3087 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| ADEKUNLE BALOGUN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Adekunle Balogun seeks *habeas corpus* relief pursuant to 28 U.S.C. § 2241 [1]. Defendant has also filed an Application for Leave to Proceed *In Forma Pauperis* [3] and a Motion for Attorney Representation [4]. The Petition is denied for lack of subject-matter jurisdiction, and the motions are denied as moot.

## BACKGROUND

On January 17, 2002, Defendant pled guilty to Count 12 of the Indictment against him, involving, *inter alia*, a conspiracy to produce and use counterfeit credit cards. He was sentenced to 18 months' incarceration. Defendant filed a notice of appeal but later dismissed it. On February 25, 2003, Defendant filed a § 2255 petition, challenging his conviction, sentence, and the order of restitution. That petition was denied on July 2, 2003. Defendant appealed that denial, but the Seventh Circuit declined to issue a certificate of appealability.

At some point, an Immigration Judge issued an order of removal for Defendant, who is a native of Nigeria, based on his presence in the United States without having been admitted or paroled and his conviction of a crime involving moral turpitude. The order of removal was affirmed by the Board of Immigration Appeals ("BIA"). Defendant filed the current petition for *habeas* relief, alleging errors in his criminal trial and in the removal proceedings.

## LEGAL STANDARD

Federal district courts have, "within their respective jurisdictions," the authority to hear applications for *habeas corpus* by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (citing 28 U.S.C. §§ 2241(a), (c)(3)).

## ANALYSIS

As an initial matter, it is not clear that Defendant is actually in custody. Defendant's given address appears to be a house or apartment in California. Further, this Court lacks subject-matter jurisdiction over Defendant's challenge to his removal proceedings. A district court must dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). The REAL ID Act of 2005 removed *habeas* jurisdiction over final orders of deportation or removal from the district courts. Review of such orders is vested exclusively in the courts of appeals. Specifically, 8 U.S.C. § 1252(a)(5) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other *habeas corpus* provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include *habeas corpu*s review pursuant to section 2241 of Title 28, or any other *habeas corpus* provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). The statute further provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this

> section. Except as otherwise provided in this section, no court shall have jurisdiction, by *habeas corpus* under section 2241 of Title 28, or any other *habeas corpus* provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). Additionally, the statute states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Defendant's recourse is to the Ninth Circuit Court of Appeals, which has already ruled against him, multiple times, on the issues raised in his petition.

Even if this Court has subject matter-jurisdiction, Defendant's claims fail. To the extent that the petition attacks his guilty plea and conviction, those issues have already been litigated in his previous *habeas* petition. Thus any attack on the guilty plea, conviction, sentence, or restitution would be a successive petition brought under § 2255, and not § 2241. To be considered, a second or successive motion to vacate, set aside, or correct sentence "must be certified . . . by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *Roldan v. United States*, 96 F.3d 1013, 1014 (7th Cir. 1996). Defendant does not allege newly discovered evidence or a new rule of constitutional law. Defendant also attacks the removal decision. The Ninth Circuit has denied his request for review of the BIA's affirmance of this

removal order twice.  *See Balogun v. Gonzales*, 126 F. App'x 874 (9th Cir. 2005); *Balogun v. Holder*, 383 F. App'x 696 (9th Cir. 2010).

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Defendant has not made a substantial showing of the denial of a constitutional right; and, accordingly, a certificate of appealability shall not issue.  Defendant may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22.

## CONCLUSION

For the reasons stated above, the petition for a writ of *habeas corpus* relief pursuant to 28 U.S.C. § 2241 [1] is denied for lack of subject-matter jurisdiction and no certificate of appealability shall issue.  Consequently, Defendant's Application for Leave to Proceed *In Forma Pauperis* [3] and a Motion for Attorney Representation [4] are denied as moot.

Date:  June 17, 2015

JOHN W. DARRAH
United States District Court Judge